**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CISNEROS DESIGN, INC.,
a New Mexico Corporation,

       Plaintiff,

    v.                                             Civ. No. 20-818 SCY-JHR

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF SANTA FE, NEW
MEXICO,

       Defendant.

## <u>ORDER GRANTING MOTION TO STAY</u>

       This is an action for copyright infringement. Defendant Board of County Commissioners of the County of Santa Fe, New Mexico, seeks a stay of all discovery pending decision on its motion for judgment on the pleadings. *See* Expedited Motion For Protective Order And To Stay Proceedings, Doc 32. For the following reasons, the Court GRANTS the motion to stay.

       On January 6, 2021, Defendant filed a dispositive motion that seeks judgment in favor of the Defendant on all claims as a matter of law. Doc. 31. Defendant argues that that little, if any, of the elements of Plaintiff's drawings are protected by copyright and any portion that is protected is not substantially similar to the County's logo. *Id.* Accordingly, Defendant argues that discovery is not necessary for or relevant to the motion and seeks a protective order from the discovery already served. Doc. 32 at 1-2.

       This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("the district court has the power to stay proceedings before it and to control its docket

for the purpose of economy of time and effort for itself, for counsel, and for litigants");

*Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are

matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485

F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of

discovery). The Court may also issue a stay of discovery pursuant to Federal Rule of Civil

Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a

party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ.

P. 26(c).

It is appropriate for a court to stay discovery until a pending dispositive motion is decided

where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts

sought through uncompleted discovery would not affect the resolution of the motion; or where

discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v.

United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). The Court finds these circumstances present

in this case. The pending motion is dispositive as to all claims and pertains only to the facts in

the four corners of the complaint. It sets forth the County's logo, the logo that Plaintiff designed,

and asks the Court to apply to a purely legal test to determine whether the elements of the logos

are copyrightable and if so, whether the logos are substantially similar such that Plaintiff's

copyright was violated. In contrast, Plaintiff has not informed the Court what discovery it has

served or why such discovery is relevant to task of comparing the logos.

Instead, Plaintiff argues that Defendant bears a "difficult" burden in seeking a stay and a

stay should be denied in all but "exceptional" circumstances. Doc. 34 at 1. Neither of Plaintiff's

cited cases support these principles. *Clinton v. Jones* holds that a party seeking a stay bears the

burden of establishing its need but does not refer to this burden as "difficult." 520 U.S. 681, 708

(1997). Instead, it is a balancing test within the district court's discretion, assessing a party's interest in a stay against the harm of a stay. *Id.* at 706-08. The second of Plaintiff's citations, *Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, expresses concerns about a stay when the stay would deny a plaintiff access to court altogether. 713 F.2d 1477, 1484 (10th Cir. 1983). That is not the case here.

Plaintiff criticizes Defendant's motion for failing to address "the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay." Doc. 34 at 1-2. Plaintiff, however, does not articulate its specific interests. Plaintiff states only that "Plaintiff anticipates that evidence uncovered in the discovery process may well be such that Defendant's motion for judgment on the pleadings would be converted into a motion for summary judgment." Doc. 34 at 2. Plaintiff does not state what evidence is sought from discovery, what relevance it would have to the arguments in Defendant's dispositive motion, or how that motion could be converted into a summary judgment motion when Defendant did not rely on any facts or materials outside the complaint.

THEREFORE, IT IS ORDERED THAT Defendant's Expedited Motion For Protective Order And To Stay Proceedings, Doc 32, is GRANTED. All discovery is stayed until the Court issues a decision on Defendant's Motion For Judgment On The Pleadings.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE