IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CISNEROS DESIGN, INC., a New Mexico
Corporation,

      Plaintiff,

    v.                                                                                                          Civ. No. 20-818 SCY/JHR

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF SANTA FE, NEW MEXICO,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR JUDGMENT ON THE PLEADINGS**

      This is an action for copyright infringement surrounding the official logo of the County of Santa Fe. Plaintiff is a local design firm who submitted suggestions to Defendant for improving their old logo. After Plaintiff sent this design proposal, the County adopted a new logo that appeared similar to Plaintiff's design. For purposes of its motion for judgment on the pleadings, Defendant does not contest the allegation that it copied Plaintiff's logo as a factual matter. Nonetheless, Defendant seeks judgment on the pleadings in its favor, arguing that few, if any, of the elements of Plaintiff's design are protected by copyright and any portion that is protected is not substantially similar to Defendant's logo.

      Under copyright law, the Court has two tasks. First, it must separate uncopyrightable ideas in a design from expressive elements that are entitled to copyright protection. To gain protection, the work must demonstrate some minimal degree of creativity. The Court finds that Plaintiff's design has both uncopyrightable ideas as well as expressive elements, and that the expressive elements are protected by copyright law. Second, the Court must compare the expressive elements in Plaintiff's design against the expressive elements in Defendant's design.

If no reasonable person could find the expressive elements to be substantially similar, the Court must enter judgment. Under binding Tenth Circuit precedent, the Court finds that what Defendant copied was not any protectible, expressive elements of Plaintiff's logo. Defendant therefore did not violate copyright law. As a result, the Court grants Defendant's motion.

## BACKGROUND

Plaintiff initiated this lawsuit in federal court on August 20, 2020 against the County of Santa Fe. Doc. 1. After Defendant moved to dismiss, Plaintiff filed an Amended Complaint naming as sole defendant the Board of County Commissioners of the County of Santa Fe. First Amended Complaint ("FAC"), Doc. 14. The Amended Complaint alleges that Plaintiff Cisneros Design is a marketing agency who presented to the County a set of slides entitled Santa Fe County Brand Identity Redesign. FAC ¶¶ 6-7. The slides were emailed to Katherine Miller, County Manager, on June 15, 2017, FAC Exhibit A (Doc. 14-1), and emailed again to County Commissioner Anna Hansen on June 26, FAC Exhibit B (Doc. 14-2). The slides included suggestions for rebranding Defendant's existing logo. Docs. 14-1 & 14-2. In December 2019, Defendant announced the adoption of a new logo. FAC ¶ 10.

Defendant's existing logo, prior to Plaintiff's submissions, used Southwestern-style depictions of a wagon, pottery, and a building, arranged together in a triangular pattern:



Doc. 14-1 at 8.

Plaintiff suggested a rebranding that incorporated similar Southwestern elements of pottery, a wagon, mountains, and buildings, but arranged side-by-side in a three-square-panel design:





Compl. Ex. C, Doc. 1-3. (The original complaint presents the logos in color, but the FAC is in shades of gray. The Court cites to and reproduces the color versions of the logos.)

After receiving Plaintiff's suggestions, Defendant adopted the following as its new logo:



3

Doc. 1-3. According to the complaint, the new logo unlawfully infringes on the copyrighted designs of Plaintiff. *Id.*

On January 6, 2021, Defendant filed the present Motion For Judgment On The Pleadings under Federal Rule of Civil Procedure 12(c), arguing that a three-panel design, buildings, pottery, and mountains are not copyrightable elements and that Plaintiff's and Defendant's expression of those ideas are not substantially similar. Doc. 31. Plaintiff filed its response on January 20, arguing that the expression of the idea (a three-panel design, buildings, pottery, and mountains) is copyrightable regardless of whether the idea itself is, and that Defendant's logo "impermissibly copies the 'particularized expression'" of the Plaintiff's logo. Doc. 33 at 2. Defendant filed its reply on February 3. Doc. 36. The Court stayed discovery pending decision on this motion. Doc. 39. Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 7, 10, 11 & 23. Briefing is complete and the motion is ready for decision.

## **LEGAL STANDARD**

Rule 12(c) permits a litigant to file a motion for judgment on the pleadings after the pleadings have closed; that is, after the filing of the complaint and answer. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint

4

does not require detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor is the court required to accept as true legal conclusions that are masquerading as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must, however, view a plaintiff's allegations in the light most favorable to the plaintiff. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

The court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (internal quotation marks omitted). "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. "When a district court considers the original work and the allegedly copyrighted work in deciding a 12(b)(6) motion, the legal effect of the works are determined by the works themselves rather than by allegations in the complaint." *Id.* at 941-42. No party challenges the authenticity of the logos in Exhibit C to the complaint, and the Court finds that it may therefore properly

5

consider this submission for purposes of Defendant's motion for judgment on the pleadings. *Cf. id.* at 941 ("Because [the] complaint referred to [the original works], and all the parties invited the district court to consider these works, the district court properly considered the work in ruling on the 12(b)(6) motion").[1]

The question presented in this case is "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Jacobsen*, 287 F.3d at 943. The Tenth Circuit has applied this legal standard on both a motion to dismiss, as in *Jacobsen*, and on summary judgment, *Blehm v. Jacobs*, 702 F.3d 1193, 1202 (10th Cir. 2012) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.10[B][3] (2010)). The legal standard permits a court to "grant summary judgment for the defendant if the protectable expression in the copyrighted work and the allegedly infringing work is so dissimilar that no reasonable jury could find for the plaintiff on the question of substantial similarity." *Blehm*, 702 F.3d at 1202-03 (internal quotation marks and alterations omitted); *see also* 3 Nimmer on Copyright § 12.10[B][3] ("Typically, the court enters summary judgment for defendant; but if the four corners of the complaint, together with its exhibits and other matters incorporated into it by reference, suffice to convince the court as a matter of law that no jury could find the existence of substantial similarity, then it may instead dismiss the case."). The Tenth Circuit reviews this question de novo. *Blehm*, 702 F.3d at 1199.

## DISCUSSION

The Copyright Act protects the "original works of authorship fixed in any tangible

---

[1] On the other hand, Plaintiff's expert report, attached to its response to the motion to dismiss, Doc. 33-1, is neither unchallenged nor incorporated in the complaint. Doc. 36 at 3 n.1; Doc. 14. The Court therefore does not consider it.

medium of expression," including pictorial and graphic works. 17 U.S.C. § 102(a). The work must demonstrate "at least some minimal degree of creativity," but "even a slight amount will suffice." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). "The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Id*. (quotations omitted).

To state a claim of copyright infringement, Plaintiff must allege: "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Jacobsen*, 287 F.3d at 942. The FAC alleges that Plaintiff owns a valid copyright in the logos in question, FAC ¶¶ 9-10, and Defendant does not challenge this element in its motion.

"The copying element of an infringement claim has two components." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012). "First, a plaintiff must demonstrate that the defendant copied the plaintiff's work 'as a factual matter.'" *Id.* (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993)). Defendant does not challenge that the complaint adequately alleges copying as a factual matter. The Court therefore skips an analysis of this element.[2] "Second, the plaintiff must establish 'substantial similarity' between the allegedly

---

[2] Because Defendant does not challenge copying as a factual matter, Plaintiff's arguments based on Defendant's "access" to the copyrighted work are misplaced, as they relate only to this first element of the "copying" test. Doc. 33 at 3 (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993)). As *Gates Rubber* explained, "to prove factual copying, the plaintiff must come forward with sufficient evidence that a reasonable factfinder, taking together the evidence of access and the similarities between the programs, could find that the second work was copied from the first." 9 F.3d at 833 (footnote omitted). Defendant does not challenge whether the "evidence of access" here sufficiently shows copying as a factual matter. And "[n]o matter how the copying is proved, the plaintiff also must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work *with regard to its protected elements*." *Leigh v. Warner Bros.*, 212 F.3d 1210, 1214 (11th Cir. 2000) (emphasis in original). "Even in the rare case of a plaintiff with direct evidence that a defendant attempted to appropriate his original expression, there is no infringement unless the defendant succeeded to a meaningful degree." *Id.*; *see La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1180

infringing work and the elements of the copyrighted work that are legally protected." *Blehm*, 702 F.3d at 1199. In other words, "[t]he plaintiff must prove that there is a substantial similarity between those aspects of Plaintiff's work which are legally protectable and the Defendants' work." *La Resolana Architects*, 555 F.3d at 1180. To make this determination, the court's task consists of "separating unprotectable ideas from protectable expression in [the plaintiff]'s copyrighted works and comparing the remaining protectable expression to the [defendant's] images to determine whether they are substantially similar." *Blehm*, 702 F.3d at 1200 n.4.[3]

Copyright protection does not "extend to any idea . . . [or] concept . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). "This provision enshrines the fundamental tenet that copyright protection extends only to the author's original expression and not to the ideas embodied in that expression." *Blehm*, 702 F.3d at 1200. "[T]he copyright law is not a patent law: it protects the expression of ideas rather than the underlying ideas themselves." *Enter. Mgmt. Ltd., Inc. v. Warrick*, 717 F.3d 1112, 1117 (10th Cir. 2013). "[W]hen a work expresses an idea in the only way it can be expressed, courts deny those expressions protection under the 'merger doctrine' to avoid giving the author a

---

(10th Cir. 2009) ("Once copying has been established, liability for copyright infringement will attach only where protected elements of a copyrighted work are copied.").

[3] To do so, the Tenth Circuit sometimes applies the "abstraction-filtration-comparison" test. *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996). "At the abstraction step, we separate the ideas (and basic utilitarian functions), which are not protectable, from the particular expression of the work. Then, we filter out the nonprotectable components of the product from the original expression. Finally, we compare the remaining protected elements to the allegedly copied work to determine if the two works are substantially similar." *Id.* at 1284-85. But this test is not necessary to apply in all cases. *Jacobsen*, 287 F.3d at 943 n.5 (whether the "abstraction-filtration-comparison analysis" is applied or not, the ultimate issue is always "substantial similarity"). The Tenth Circuit declined to apply this test in a case where "the visual works are relatively simple." *Blehm*, 702 F.3d at 1201 n.4. For the same reason, the Court finds this test unnecessary to apply in this case, and also notes that neither party has urged its application.

monopoly over the underlying idea. Conversely, when an idea is capable of many different 'modes of expression,' the expression of the idea is eligible for copyright protection." *Id.* (citation omitted). "[T]he idea/expression distinction is the most complex part of the substantial similarity inquiry." *Blehm*, 702 F.3d at 1201 (internal quotation marks omitted); *see also Jacobsen*, 287 F.3d at 942 ("The difficulty in this case arises in determining whether [the defendant] copied only unprotected facts or instead impermissibly copied [the plaintiff]'s original expression.").

Defendant argues that the abstract idea of three-panel drawings is not copyrightable because panels are akin to "common architectural elements," which the Tenth Circuit has held are uncopyrightable. *Blehm*, 702 F.3d at 1201 ("In architecture, there is no copyright protection for the idea of using 'domes, wind-towers, parapets and arches.'" (quoting *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1297 (D.C. Cir. 2002))). Likewise, Defendant argues that "[p]ottery, buildings, and mountains are likewise ideas or facts in the world and, therefore, in the public domain, generally." Doc. 31 at 11-12. Defendant analogizes these ideas to abstract, noncopyrightable facts such as the idea of a cartoon figure holding a birthday cake, catching a Frisbee, skateboarding, or engaging in various other everyday activities; the idea of using common anatomical features such as arms, legs, faces, and fingers; the size, shape and medium of wooden dolls; the shape of a human body and standard doll poses; fashion dolls with a bratty look or attitude; dolls sporting trendy clothing; and the idea of a muscular doll in a standard pose. *Blehm*, 702 F.3d at 1201, 1204.

Plaintiff acknowledges that "some elements of the Cisneros proposal may be factual (that is, representations of the ideas or facts in the world)." Doc. 33 at 2. Nonetheless, Plaintiff asserts, "their particular selection and arrangement (not dictated by an underlying idea) is original and is

entitled to copyright protection." *Id*. These competing arguments implicate the seminal question in copyright cases: where does a non-copyrightable idea end and a copyrightable expression or arrangement of the idea begin? An idea is not subject to copyright because, if it were, the holder of that copyright would possess a monopoly on any design that incorporates that idea. *Sturdza*, 281 F.3d at 1296. Thus, the idea of using domes, wind-towers, parapets and arches on buildings is not subject to copyright protection. *Id.* at 1297. However, a particular arrangement of those features on a building is subject to copyright protection. *Id*. at 1297-98. Compare, for instance, images of the buildings at issue in *Sturdza*:



*Sturdza*, 281 F.3d at 1309-12.

Although the *Sturdza* court recognized that domes, wind-towers, parapets and arches on buildings are ideas not subject to copyright protection, it concluded that, "[the defendant]'s design, though different in some ways from [the plaintiff]'s (as the district court thought), is sufficiently similar with respect to both individual elements and overall look and feel for a

10

reasonable jury to conclude that the two are substantially similar." *Id*. at 1299. The *Sturdza* court further noted, "the substantial similarity determination requires comparison not only of the two works' individual elements in isolation, but also of their overall look and feel." *Id*. at 1296 (internal citations and quotations omitted). The Tenth Circuit has not clearly adopted this "overall look and feel" language, *see Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1144-45 (10th Cir. 2016), but it is clear that aspects of architecture such as "domes, wind-towers, parapets and arches" are ideas not subject to copyright protection. *Blehm*, 702 F.3d at 1201 (quoting *Sturdza*, 281 F.3d at 1297).

Just as the idea of using domes, wind-towers, parapets, and arches on buildings is not subject to copyright protection, neither is the idea of depicting three images next to each other in three panels. Plaintiff does not argue otherwise. Nor would it be in Plaintiff's interest to do so: although Plaintiff's idea may have been original to Plaintiff, the three-panel design as such is surely not unique. If such an idea were subject to copyright, Plaintiff's design would also likely infringe on the copyright of some previous three-panel design. Thus, the Court finds that the idea of placing three iconic Santa Fe County images in panels next to each other is an abstract idea ineligible for copyright protection. *Cf. Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1227 (11th Cir. 2008) (the plaintiff did not own a copyright in the concept of "using three external elevator towers that extend above the roof of a building"). What remains is to examine whether Defendant's *expression* of uncopyrightable ideas is "substantially similar" to Plaintiff's expression of the same ideas.

Here, Plaintiff developed two designs. The first consisted of three side-by-side tiles depicting images of pottery, a church, and mountains. The second consisted of three side-by-side tiles depicting images of an ox pulling a wagon, a church, and pottery. But, just as the idea of

11

using a combination of domes, wind-towers, parapets, and arches on buildings is not subject to copyright protection, neither is the abstract idea of using a combination of images of pottery, churches, wagons, and mountains in a piece of artwork.[4] Indeed, Santa Fe County's *original logo* depicted three of the four subjects depicted in Plaintiff's later artwork (pottery, wagon, and a church); nonetheless, Plaintiff's distinct artwork does not infringe on Santa Fe County's original logo.

Although the idea of placing images of pottery, mountains, a wagon, and/or a church (or other Southwestern-style adobe building) next to each other is not necessarily subject to copyright protection, the representation of these ideas are components that contribute to the make-up of the end product. Thus, they are not irrelevant. "A copyright owner's original stylistic choices qualify as protectable expression if the choices are not dictated by the underlying idea." *Blehm*, 702 F.3d at 1201. "[T]he combination of common [ideas] and use of specific designs may constitute original expression that is protected." *Id.* at 1202 (citing *Sturdza*, 281 F.3d at 1297). A design may infringe if it "gives off a similar unique effect in decoration and design as the copyrighted work." *Id.*

---

[4] Defendant argues that what remains—the *expression* of these abstract ideas—is "subject to thin copyright protection." Doc. 31 at 12. The Court disagrees. In *Feist*, the Supreme Court addressed copyright protection in a telephone directory and explained that "copyright in a factual compilation is thin." 499 U.S. at 349. But Plaintiff's logos are not like a telephone directory. They are indisputably artistic, pictorial works. *Cf. Blehm*, 702 F.3d at 1204 n.6. If a "thin" protection category exists, these logos do not fall within it. There are many ways to express three-panels, pottery, buildings, and mountains—as the current dispute highlights. The Court therefore rejects any suggestion that Plaintiff must "show a heightened degree of similarity between the copyrighted and accused images." *See Blehm*, 702 F.3d at 1204 n.6 (rejecting a similar argument in the graphic design context). "Therefore, [Plaintiff can] prove substantial similarity with less similarity than we would require if the allegedly infringed work were a telephone directory." *Jacobsen*, 287 F.3d at 944.

These legal concepts are best illustrated through specific examples. For instance, in *Knitwaves, Inc. v. Lollytogs Ltd.*, the Second Circuit considered whether Lollytogs' fall-themed sweaters infringed on the fall-themed sweaters a competing company, Knitwaves, first designed. 71 F.3d 996, 1004 (2d Cir. 1995). The first Knitwaves sweater design, like the Lollytogs knock-off, depicted falling leaves. The second Knitwaves and Lollytogs sweater design consisted of four panels, two of which contained an image of an array of leaves, one of which contained an image of a single leaf, and one of which contained an image of a squirrel. *Id*. The various sweater designs are depicted below:[5]



*Knitwaves*, 71 F.3d at 1014-17.

Like the present case, *Knitwaves* did not involve the question of whether the defendant (Lollytogs) actually copied anything, because the Lollytogs defendant candidly admitted copying what it considered "the non-original aspects of the sweaters." *Id*. at 1000. Lollytogs, however, argued that to avoid infringing on Knitwaves' copyright it changed the location and design of the

---

[5] The *Knitwaves* court concluded that "a viewer's overwhelming impression [is] that the two Lollytogs sweaters are appropriations of the Knitwaves sweaters." 71 F.3d at 1004. It then stated, "[w]e note that much of this impression is conveyed by the sweaters' bold, and almost identical, color schemes (the effect of which is entirely lost in the black-and-white reproductions appended to this opinion)." *Id*. at 1005. Technological advances in the last 26 years have allowed this Court to provide color depictions of the images in question in the present case.

images on its sweater designs. *Id*. For instance, the squirrel in the Lollytogs design is located in a different panel on the sweater and the image of the squirrel is not substantially similar to the image of the squirrel in the Knitwaves design. Although the *Knitwaves* court recognized these differences, it concluded that "to the average consumer of these sweaters[,] the differences pale in comparison to the overwhelming impression of similarity" and found "Lollytogs' Leaf and Squirrel sweaters substantially similar to Knitwaves'." *Id.* at 1005.

If *Knitwaves* constituted controlling authority, the Court would likely deny Defendant's motion and conclude that a jury should determine whether Defendant's logo is substantially similar to one of the logos Plaintiff designed. But, as Defendant points out, Doc. 31 at 5, this case is governed by *Blehm v. Jacobs* from the Tenth Circuit.

The plaintiff in *Blehm* created cartoon characters called "Penmen" and brought an infringement action against the Life is Good Company over its depictions of a cartoon character called "Jake." 702 F.3d at 1196. Both parties had created images of stick-like figures with large smiles engaged in everyday activities. The Tenth Circuit compared these figures, found them not substantially similar, and affirmed the district court's grant of summary judgment to the defendant, Life is Good. *Id.* at 1193. As in the present case, whether the defendant copied from the plaintiff as a factual matter was not at issue. *Id*. at 1199 (noting that the district court "held that Mr. Blehm had provided sufficient evidence that the Jacobses had access and opportunity to copy the Penmen posters" and not reaching that issue on appeal).

There were 67 images at issue in *Blehm*, consisting of stick figures engaged in the same activities in a similar manner. *Id.* at 1208. Of these images, the Tenth Circuit focused its analysis on two sets of images the plaintiff argued were particularly similar—the peace sign images and the frisbee images depicted below:

14

 

*Id.* at 1205, 1207.

In affirming the district court's grant of summary judgment to the defendant, the Tenth Circuit first held that the plaintiff "has no copyright over the idea of a cartoon figure holding a birthday cake, catching a Frisbee, skateboarding, or engaging in various other everyday activities." *Id.* at 1204. "Nor can the Jake images infringe on the Penmen because the figures share the idea of using common anatomical features such as arms, legs, faces, and fingers, which are not protectable elements. Mr. Blehm's copyright also does not protect Penmen poses that are attributable to an associated activity, such as reclining while taking a bath or lounging in an inner tube. These everyday activities, common anatomical features, and natural poses are ideas that belong to the public domain; Mr. Blehm does not own these elements." *Id.*

Nonetheless, the Tenth Circuit acknowledged that the plaintiff's works still contained "protectable expression": they were more nuanced than simple stick figures and involved "particular stylistic choices" related to their smiles and the proportions of the bodies. *Id.* at 1204-05. The Tenth Circuit thus turned to the central question: whether the expressive elements were substantially similar between the Penman and Jake. The court recognized that "there are some similarities between the Penman and Jake. Both have black-line bodies, four fingers, and large half-moon smiles, and their feet are pointed outward." *Id.* at 1206. "But even these similarities have important differences, or are not protectable expression. . . . [T]he idea of a crescent-shaped smile is unprotected. Rather, the expression of the smiles must be substantially similar and

15

important to the overall work. . . ." *Id.* The court emphasized that "copyright protection lies in the particular way [the artist] chose to express" uncopyrightable ideas. *Id.* "Copying alone is not infringement. The infringement determination depends on what is copied. Assuming Life is Good copied Penmen images when it produced Jake images, our substantial similarity analysis shows it copied ideas rather than expression, which would make Life is Good a copier but not an infringer under copyright law." *Id.* at 1208.

In reaching this conclusion, the Tenth Circuit was not ignorant of the Second Circuit's decision in *Knitwaves*. To the contrary, it noted, "a sweater designer can have copyright protection over an original way of using squirrels as a design element in conjunction with fall colors, stripes, and panels, even though those elements individually constitute ideas in the public domain." *Blehm*, 702 F.3d at 1202 (citing *Knitwaves*, 71 F.3d at 1004). Despite the Tenth Circuit's recognition of *Knitwaves*, the Tenth Circuit determined on a de novo review that no reasonable jury could find the images at issue in *Blehm* to be substantially similar. In asking the same question the Court, being in the Tenth Circuit, must use *Blehm* rather than *Knitwaves* as its guide. Comparing the similarity of the images in *Blehm* with the similarity of the images in the present case, the Court concludes that the images in *Blehm* are significantly more similar than the present images. As a result, Plaintiff's arguments cannot withstand *Blehm*.

In *Blehm*, the idea of drawing a certain body type and a large smiling mouth engaging in the same everyday activities appeared copied, and the actual drawings contained defining similar features such as the large smile comprising most of the figures' heads. Similarly, here, the idea of a row of three square panels is uncopyrightable; the idea of depicting a mountain, pottery, or a building in each of the squares is uncopyrightable; and there are enough differences in the expression of these ideas to render the protectible elements of the logos not substantially similar.

One of Plaintiff's designs is semi-realistic, with detail filled in for each of the three elements and a shared cloud background. Plaintiff's other design consists of more abstract silhouettes or outlines of the three elements, depicted against a shared line of mountains on a horizon that combines all three panels into one mountain. Defendant points out that its expression of the three elements in panels is more abstract and less realistic than either of Plaintiff's designs. Instead of using clouds or the outline of mountains as common backgrounds tying the images together, Defendant's images are contained within tiles of distinct bright colors. Defendant also points out that its logo has a different design on the pottery; its building contains no cross, more windows, and a door and vigas on the ground floor; its building is wider; and its mountain has two overlapping peaks and a river. Doc. 31 at 15-16. The Court agrees that the color scheme in Defendant's design is vastly different than the color scheme in Plaintiff's design and that the individual images of the pottery, Southwestern-style building, and mountains are not substantially similar.

Plaintiff argues that "[e]ach [design] consists of three icons—an Indian pot, a Southwestern-style building and mountains—arrayed in three successive panels, each a perfect square with identical spacing, accompanied by the name of the county in horizontal sans serif text." Doc. 33 at 3. But, as the Court has covered, pottery, mountains, and a building are not protectible expression. The idea of arrangement in square panels is not protectible expression. And as Defendant points out, Plaintiff does not have a copyright on the sans serif font used in the images. Doc. 36 at 1-2.

Plaintiff's argument that its artwork first used "an Indian pot" and "a Southwest style building" is also undermined by a comparison to the County's original logo. Plaintiff's church and pottery are similar to the designs in the original logo; it is only the arrangement that is

17

different, and one new element is added (mountains). The County's new logo mimics this new arrangement and uses all three types of images Plaintiff used, but two of those three were also in the original (Southwestern-style buildings and pottery). Further, the County's new logo uses squares that are a unique color and are more abstract; they do not share a common outlined background between all three panels (the sky or the mountains) like Plaintiff's artwork does. The building and the mountains themselves are also different than Plaintiff's—notably, the County's new logo does not include a cross on the building, and it is thus merely a Southwestern-style building rather than distinctly a church.

Like Life is Good, Defendant may have been a copier. But if so, Defendant has not copied the protectible elements of Plaintiff's design and is thus "not an infringer under copyright law." *Blehm*, 702 F.3d at 1208. If the question of substantial similarity was not close enough to send to the jury in *Blehm*, a case that dealt with images more similar than the present case, the question of substantial similarity is not close enough to send to the jury in this case either.

## CONCLUSION

Defendant's Motion For Judgment On The Pleadings under Federal Rule of Civil Procedure 12(c), Doc. 31, is GRANTED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE